THOMPSON COBURN LLP
MITCHELL N. REINIS, CSB 36131
mreinis@thompsoncoburn.com
2029 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Plaintiff,
DML Marketing Group, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DML MARKETING GROUP, LTD., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOXLAND INTERNATIONAL, INC., a New York corporation; LANE BRYANT, INC., a Delaware corporation; LANE BRYANT PURCHASING CORP., an Ohio corporation; ASCENA RETAIL GROUP INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:16-cv-00524<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; REQUEST FOR JURY TRIAL** |

Plaintiff alleges:

## FIRST CLAIM

### (Copyright Infringement)

1. This claim for copyright infringement arises under the laws of the United States, Title 17, United States Code. The Court's jurisdiction is founded upon 28 U.S.C. § 1331 (federal jurisdiction) and 28 U.S.C. § 1338(a) (Act of Congress related to copyright).

2. Plaintiff, DML Marketing Group, Ltd., is a corporation duly organized

1  and existing under the laws of the State of California, having its principal place of
2  business in Van Nuys, California, County of Los Angeles.
3      3. Plaintiff is informed and believes and upon such information and belief
4  alleges that defendant Soxland International, Inc. ("Soxland") is a corporation
5  organized and operating under the laws of the State of New York, having its
6  principal place of business at 7 West 36th Street, New York, New York, and doing
7  business as a hosiery distributor in interstate commerce nationwide, including
8  Southern California.
9      4. Plaintiff is informed and believes and alleges that defendants Lane
10 Bryant, Inc. and Ascena Retail Group Inc. are Delaware corporations with principal
11 places of business in Columbus, Ohio; that defendant Lane Bryant Purchasing Corp.
12 is an Ohio corporation with a principal place of business in Bensalem, Pennsylvania;
13 and that the defendants mentioned in this paragraph are related companies owning
14 and operating "Lane Bryant" and other retail stores nationally. Said defendants are
15 sometimes hereafter referred to collectively as "Lane Bryant."
16     5. The true names or capacities, whether individual, corporate, associate
17 or otherwise of the defendants sued herein as Does 1 through 10, are unknown to
18 plaintiff who, therefore, sues such defendants by fictitious names. Plaintiff will ask
19 leave to amend this pleading to show their true names or capacities when the same
20 have been ascertained. Plaintiff is informed and believes and upon such information
21 and belief alleges that the DOE defendants are related entities, suppliers, factories,
22 representatives, and agents of the named defendants or conspired with and aided and
23 abetted the other defendants to do the things complained of herein.
24     6. Plaintiff is an importer, manufacturer, wholesaler and seller of hosiery
25 products under its "Legale" trademark. Many of the items sold by plaintiff contain
26 original copyrighted designs and artwork created by plaintiff's design staff as works
27 made for hire.
28     7. Plaintiff is informed and believes and upon such information and belief

alleges that Lane Bryant is a customer of Soxland and that Soxland imports, advertises and sells hosiery and related products to stores in this District by delivering products in Southern California to customers here and by using interactive websites and domain names.

8. In or about 2012, plaintiff created artwork for a plush lined slipper sock as part of its Fall Collection (hereafter "Design"). The Design is wholly original with plaintiff and is copyrightable subject matter under the copyright laws of the United States.

9. In or about 2013, plaintiff complied in all respects with the Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the Design and was issued by the Register of Copyrights a certificate of registration, dated and identified as a work of visual arts identified as follows: VA 1-934-551, effective date of registration of October 14, 2014. A copy thereof is attached hereto as exhibit A and incorporated herein.

10. Since the Design was created, it has been distributed on hosiery sold by plaintiff, and all copies of it made by plaintiff or under its authority or license have been manufactured and sold in strict conformity with the provisions of the Copyright Act. At all times herein concerned, plaintiff has been and still is the sole proprietor of all right, title, and interest in and to the copyright in the Design. A copy of plaintiff's Design is attached hereto as exhibit B and incorporated herein.

11. Plaintiff is informed and believes and upon such information and belief alleges that on and after October 30, 2011, defendants infringed plaintiff's copyright by causing manufacture, importing, distributing, advertising, displaying, selling and/or placing upon the market hosiery (hereafter "Accused Product") with a design thereon copied from the Design. A copy of defendants infringing and Accused Product is attached here to as exhibit B and incorporated herein. One Accused Product was sold to plaintiff by Lane Bryant at one of its retail stores in November, 2015. The Accused Product bears an RN number registered to Lane Bryant

Purchasing Corp.

12. Plaintiff is informed and believes and upon such information and belief alleges that defendants threaten to, and unless restrained will, willfully continue the acts complained of herein, all to plaintiff's irreparable damage in that it will be extremely difficult to ascertain the amount of compensation that would afford plaintiff adequate relief therefor, and, unless this Court grants an injunction preventing defendants from importing, advertising and selling products imitating the Design, plaintiff will not be able to prevent infringement of its copyright and will be irreparably damaged.

13. By reason of the acts of defendants described above, plaintiff has suffered great detriment and injury to its business, goodwill, and profits. The exact amount of said damage is presently unknown to plaintiff, and plaintiff will amend this pleading when it has been ascertained or opt for such statutory damages as may be allowed by law.

WHEREFORE, plaintiff demands that:

1. Defendants, their agents, representatives, and employees be enjoined during the pendency of this action and permanently from infringing plaintiff's copyright in any manner, and from importing, distributing, causing manufacturing, displaying, advertising, selling, marketing or otherwise disposing of any copies of hosiery bearing the Design or any colorable imitation thereof;

2. Defendants be required to pay to plaintiff such actual or statutory damages as plaintiff has sustained in consequence of defendants infringements of said copyright and to account for

    (a) all gains, profits and advantages derived by defendants by said activities and

    (b) all gains, profits, and advantages derived by defendants by their infringement of plaintiff's copyright or such damages as to the court shall appear proper within the provisions of the copyright statutes, but not less than provided by

1 statute.

2     3.    Defendants be required to deliver up to be impounded during the pendency of this action all advertising material and hosiery embodying the Design or any colorable imitations thereof in their possession or under their control and to deliver up for destruction all infringing copies and all other matter for making, copying, advertising, marketing and importing such infringing copies;

    4.    Defendants pay to plaintiff the costs of this action and reasonable attorney fees;

    5.    Plaintiff have such other and further relief as is just.

DATED: January 21, 2016    THOMPSON COBURN LLP

By: /s/ MITCHELL N. REINIS
MITCHELL N. REINIS
Attorneys for Plaintiff,
DML Marketing Group, Ltd.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: January 21, 2016    THOMPSON COBURN LLP

By: /s/ MITCHELL N. REINIS
MITCHELL N. REINIS
Attorneys for Plaintiff,
DML Marketing Group, Ltd.